# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **IRVIN HANNIS CATLETT, JR.,** | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. RWT-13-3710 |
| | | Criminal No. RWT-10-0101 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |
| | * | |

## MEMORANDUM OPINION

Pending is Petitioner Irvin Hannis Catlett, Jr.'s Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, as well as his Motion for New Trial in the related criminal case. Upon review of the papers filed, and for the reasons stated below, the Court will deny Petitioner's motions.

## BACKGROUND

From 1999-2009, Petitioner operated a tax preparation business through which he prepared fraudulent tax returns. This scheme resulted in Petitioner being charged with one count of conspiracy to defraud the United States from 1999-2009 in violation of 18 U.S.C. § 371, ten counts of aiding and assisting in the preparation of false tax documents in violation of 26 U.S.C. § 7206(2), and one count of corruptly endeavoring to obstruct and impede the internal revenue laws from 1999-2008 in violation of 26 U.S.C. § 7212(a). ECF No. 1. Representing himself, Petitioner was convicted by a jury of all counts on November 4, 2010, and sentenced on March 17, 2011 to a total term of imprisonment of 210 months. ECF No. 170; ECF No. 218. Petitioner appealed, raising several grounds for reversal that are relevant to the current motions: (1) the court reporter violated the Court Reporter Act by failing to timely provide complete

transcripts of the trial; (2) the Court improperly refused to grant Petitioner's motions for continuance; (3) the government suppressed exculpatory evidence, intimidated witnesses, and suborned perjury; (4) the Court improperly calculated Petitioner's criminal history category; (5) the Bureau of Prisons and U.S. Marshal's Service prejudiced Petitioner's appeal; and (6) Count 12 of the indictment was barred by the statute of limitations.[1] ECF No. 297-2. In its opinion affirming this Court, the Fourth Circuit substantively addressed, and rejected, grounds (1), (2), (3), (4) and (6), and "reviewed Catlett's other arguments and conclude[d] that they lack merit." *United States v. Catlett*, 498 Fed. App'x 352 (4th Cir. 2012).

On November 4, 2013, Petitioner filed a Motion for New Trial. ECF No. 288. On December 9, 2013, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. ECF No. 296. The grounds raised by the two motions, with one exception, are the same. These are: (1) actual innocence as to Counts 2, 6, and 12 of the indictment due to government misconduct; (2) Petitioner was too ill to effectively defend the case; (3) the government appellate attorney suppressed evidence; (4) the United States Tax Court decided a civil action in Petitioner's favor; (5) Petitioner was sentenced in violation of *Peugh v. United States*, 133 S. Ct. 2072 (2013); (6) Petitioner was sentenced in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013); (7) the U.S. Marshal's Service seized Petitioner's attorney work product, interfering with his right to appeal; (8) Count 12 was barred by the statute of limitations; and (9) the Court used the wrong criminal history category when sentencing Petitioner. ECF No. 288; ECF No. 291. Petitioners § 2255 Motion adds a ground of ineffective assistance of standby counsel. ECF No. 291 at 6.

---

[1] Several other grounds were raised by Petitioner, but they are not relevant to the pending motions.

**STANDARD OF REVIEW**

    **I.**    **Motion for New Trial**

Motions for new trial are governed by Federal Rule of Criminal Procedure 33. Once 14 days have passed from a guilty verdict, a motion for new trial must be based on newly discovered evidence. Fed. R. Crim. P. 33(a). In the Fourth Circuit, there are five requirements that must be met for a court to grant a new trial based on newly discovered evidence:

> (a) the evidence must be, in fact, newly discovered, i.e., discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Bales*, 813 F.2d 1289, 1295 (4th Cir. 1987).

    **II.**    **28 U.S.C. § 2255**

Under 28 U.S.C. § 2255(a), a prisoner in custody may file a motion to vacate, set aside, or correct a sentence, "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to 28 U.S.C. § 2255(b), the Court may deny the motion without a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see, e.g.*, *Zelaya v. United States*, No. DKC 05-0393, 2013 WL 4495788, at *2 (D. Md. Aug. 20, 2013).

## ANALYSIS

### I. Procedurally Defaulted Claims

As noted above, a court cannot grant a new trial based on newly discovered evidence unless the evidence is actually newly discovered. With regard to Petitioner's § 2255 Motion, claims that could have been presented on appeal, or that were presented on appeal, are generally barred from collateral attack. *United States v. Davis*, 417 U.S. 333, 345 (1974); *United States v. Crawley*, 309 F.2d 155, 156-57 (4th Cir. 1962). To raise claims in a collateral attack that could have been presented on appeal, Petitioner must show cause for the failure to present the claim on direct appeal, and actual prejudice in the outcome of his trial, or he must establish "actual innocence." *See United States v. Maybeck*, 23 F.3d 888, 891-94 (4th Cir. 1994). To raise claims that were already presented on appeal in a collateral attack, Petitioner must show there has been a subsequent change in the law that would result in a miscarriage of justice if the original sentence remained. *Chin v. United States*, 622 F.2d 1090, 1092 (2d Cir. 1980). Several of Petitioner's claims are procedurally defaulted, either because he has already raised them on direct appeal, or failed to properly raise them on direct appeal, and presents no reason the Court should excuse the procedural default.

### A. Government Misconduct

Petitioner makes various allegations of government misconduct in his § 2255 Motion and Motion for New Trial, including that the government suborned perjury and suppressed evidence. ECF No. 290 at 1; ECF No. 291 at 8. However, Petitioner already presented this argument on direct appeal, and the Fourth Circuit flatly rejected it. *Catlett*, 498 Fed. App'x at 353 ("After reviewing the record, we conclude that the Government did not commit misconduct.").

4

Petitioner does not present any intervening change in the law that would warrant re-examining this claim, nor does he actually present any newly discovered evidence. The only "evidence" Petitioner musters of suborned perjury are citations to the trial transcripts showing what Petitioner claims to be contradictory testimony by various government witnesses. ECF No. 291-1 at 5-8. This is not new evidence. Petitioner was present at his own trial during which the allegedly perjured statements were made, and had access to the trial transcripts containing the alleged perjury. Petitioner may not relitigate this claim.

### B. Petitioner's Illness

Petitioner claims there is "newly discovered evidence" that he was too ill to present an adequate defense.[2] ECF No. 290 at 8; ECF No. 291-1 at 10. First, it would defy all logic to consider Petitioner's own illness to be newly discovered evidence. Second, this claim was presented on appeal, as part of Petitioner's argument that this Court improperly denied various requests for continuance. ECF No. 297-1 at 19. The Fourth Circuit rejected this claim. *Catlett*, 498 Fed. App'x at 353. Petitioner may not relitigate this claim.

### C. Suppression of Evidence on Appeal

Petitioner argues that the government continued to suppress evidence on appeal. ECF No. 290 at 10; ECF No. 291-1 at 12. The basis of this argument is that certain transcripts of proceedings at this Court were not timely filed. ECF No. 290 at 10-11; ECF No. 291-1 at 12-13. This claim was presented on appeal, with Petitioner arguing that the court reporter violated the Court Reporter Act. ECF No. 297-1 at 12. In addition, Petitioner filed with the Fourth Circuit a

---

[2] Apparently, Petitioner's alleged illness was caused by poisoning from "an eraser tip that had been lodged in Defendant's ear since April 2007." ECF No. 290 at 10. However, pencil erasers "usually are not poisonous," casting further doubt on Petitioner's claims. *See* http://www.nytimes.com/health/guides/poison/pencil-erasers/overview.html.

motion to compel production of the record and a motion to vacate judgment, complaining about the delay in the production of transcripts, as well as the alleged failure to produce the same documents he seeks here. The Fourth Circuit denied those motions. *Catlett*, 498 Fed. App'x at 355. Petitioner may not relitigate this claim.

### D. Count 12 Barred by the Statute of Limitations

Petitioner claims that there is newly discovered evidence that Count 12 is barred by the statute of limitations. ECF No. 290 at 28; ECF No. 291-1 at 30. Putting aside the patent absurdity underlying Petitioner's assertion that he could have "new evidence" that his prosecution violated the statute of limitations, Petitioner raised, and lost, this claim on direct appeal. *Catlett*, 498 Fed. App'x at 355. Petitioner may not relitigate this claim.

### E. Criminal History Category

Petitioner's argument that the Court incorrectly calculated his criminal history category for purposes of sentencing, ECF No. 290 at 29; ECF No. 291-1 at 32-35, was raised and rejected on appeal. *Catlett*, 498 Fed. App'x at 354. Petitioner may not relitigate this claim.

### F. Seizure of Attorney Work Product

Petitioner claims that the "seizure" of work product by the U.S. Marshal's service entitles him to a new trial or to have his sentence vacated. ECF No. 290 at 25; ECF No. 291-1 at 27. In this section, Petitioner also claims that he sought to have a subpoena served on Ellen Giordina, but the subpoena was never served.[3] ECF No. 290 at 26; ECF No. 291-1 at 27. These arguments

---

[3] Petitioner also claims in this section that the U.S. Marshals and Bureau of Prisons have prevented him from pursuing an $800,000 civil suit and from filing his tax returns for 2009 and 2010. ECF No. 290 at 26; ECF No. 291-1 at 27. Petitioner fails to explain how this entitles him to a new trial or to have his sentence vacated.

were already presented on Petitioner's appeal. ECF No. 297-2 at 21-22, 38. Petitioner may not relitigate those claims.[4]

## II. Claims that are not Procedurally Defaulted

Several of Petitioner's claims are not procedurally defaulted. The Court will address each of these claims on the merits.

### A. Ineffective Assistance of Standby Counsel

Petitioner argues that his Sixth Amendment right to counsel was violated because his standby counsel "failed to support movant as order[ed] by the District Court," and that this violated his Sixth Amendment rights. ECF No. 291-1 at 4. Ineffective assistance of counsel claims are analyzed under the rubric of *Strickland v. Washington*, 466 U.S. 668 (1984). The *Strickland* analysis requires a defendant to make two showings to establish ineffective assistance of counsel: that counsel's performance was so deficient as to be objectively unreasonable, and that there is a reasonable probability that, but for counsel's unreasonable performance, the outcome of the case would have been different. *Id.* at 687-94.

As an initial matter, it is doubtful whether Petitioner can even bring an ineffective assistance of counsel claim based on the Sixth Amendment since Petitioner knowingly and voluntarily elected to proceed *pro se*, thus waiving his Sixth Amendment right to counsel. *See* ECF No. 254 at 33 ("I've already gone through the process of whether you knowingly and

---

[4] To the extent Petitioner may have waived those claims on appeal by presenting them in his reply brief instead of his opening brief, the claims are procedurally defaulted because Petitioner failed to properly raise the claims on appeal.

voluntarily waive your right to be represented by an attorney. You've clearly done so, notwithstanding my strong advice to you not to waive counsel.").[5]

Even if Petitioner is allowed to present a claim of ineffective assistance of standby counsel, that claim fails miserably. The entire crux of this claim is a remark by standby counsel that she was unaware of how much "stuff" was in the case which, according to Petitioner, conclusively shows that the public defender's officer "did not have the manpower to properly assist movant at [that] time." ECF No. 291-1 at 4. However, Petitioner disingenuously pulls standby counsel's remark completely out of context. In fact, that remark was made during a discussion between Petitioner and the Court, where Petitioner was complaining about the amount of time it was taking for him to review the large number of documents provided by the government, and to contact and interview the people mentioned in those documents. ECF No. 254 at 32-37. The Court reminded Petitioner that he had the resources of standby counsel and the public defender's office available to him, and Petitioner seemed to indicate that he had discussed the issue with standby counsel. *Id.* at 36. Standby counsel intervened to clarify that, because all discovery was being forwarded to Petitioner, she actually was not aware of the volume of documents that were being provided, and that she had not discussed the issue with Petitioner. *Id.* at 36-37. Standby counsel's remark was not a comment on her or her office's ability to assist Petitioner if he chose to request it, but only that she had not, as yet, been made

---

[5] *See also United States v. Schmidt*, 105 F.3d 82, 90 (2d Cir. 1997) ("Absent a constitutional right to standby counsel, a defendant generally cannot prove standby counsel was ineffective."); *United States v. Cochrane*, 985 F.2d 1027, 1029 (9th Cir. 1993) ("We reject as a matter of law his argument that because he made some use of the standby counsel appointed to assist him, we should lay Cochrane's errors at attorney Robinson's feet."); *United States v. Windsor*, 981 F.2d 943. 947 (7th Cir. 1992) ("This court knows of no constitutional right to effective assistance of standby counsel.").

aware of Petitioner's need for assistance. This does not in any way indicate that standby counsel was ineffective.

### B. Tax Court Case

Petitioner argues that, because the United States Tax Court determined he had no income tax deficiency for the year 2001, he is entitled to a new trial. ECF No. 291-1 at 15. The only counts that charge Petitioner with any misconduct in 2001 are the conspiracy to defraud count and the corrupt endeavor to obstruct and impede the internal revenue laws count. ECF No. 1 at 1, 15. However, the government did not need to prove an income tax deficiency in any particular year to convict Petitioner on either of these counts. The statutes that Petitioner was convicted of violating do not contain any element relating to income tax deficiencies. *See* 18 U.S.C. § 371 (making it unlawful to conspire to defraud the United States); 26 U.S.C. § 7212(a) (making it unlawful to corruptly impede or obstruct the administration of the tax laws). Thus, whether Petitioner owed an income tax deficiency in any particular year is irrelevant to whether he defrauded the United States or impeded the administration of the tax laws.[6]

Petitioner also argues that, because he was determined not to have a tax deficiency in 2001, he cannot be ordered to pay restitution for that year. However, Petitioner fails to offer any evidence that the alleged deficiency in the civil tax case is in any way related to the amounts for which he was ordered to pay restitution in his criminal case. Therefore, Petitioner is not entitled to any relief on the basis of the findings of the United States Tax Court.

---

[6] In addition, Petitioner's tax court case addresses only 2001, whereas Petitioner was convicted of conduct that lasted a decade, and only addresses his individual income tax liability, whereas Petitioner was convicted of assisting many other individuals falsely reduce their tax liability. ECF No. 1.

## C. *Peugh*

Petitioner argues that he is entitled to resentencing based on the Supreme Court's decision in *Peugh v. United States*, 133 S. Ct. 2072 (2013). ECF No. 290 at 14; ECF No. 291-1 at 22. The Supreme Court held in *Peugh* that the Ex Post Facto clause is violated when the U.S. Sentencing Guidelines in effect at the time of a defendant's sentencing produce a higher sentencing range than the Guidelines in effect at the time of the offense conduct. *Id.* at 2084.

The earliest date that any of Petitioner's criminal conduct ended was January 2008. ECF No. 1 at 14. Petitioner was sentenced on March 17, 2011. ECF No. 217. In order for any amendment to the Guidelines to be relevant, it would had to have occurred between these two dates.

The Guidelines sections used to determine Petitioner's offense level for sentencing purposes were §§ 2T1.1, 2T1.4, 2T1.9, 3B1.1, and 3C1.1. Of these, only § 3C1.1 has been amended during the relevant timeframe. *See* U.S.S.G. Appendix C, amendments 746, 747, and 748. However, two of these amendments were purely stylistic.[7] Amendment 748 was substantive, but would not have applied to Petitioner. This Amendment made clear that defendants who received an enhancement under § 2D1.1(b)(14)(D) should not receive an enhancement under § 3C1.1. Petitioner did not receive a § 2D1.1(b)(14)(D) enhancement. Because no substantive amendments that would apply to Petitioner were made to the Sentencing Guidelines between the time of his offense conduct and his sentencing, *Peugh* does not apply, and Petitioner is not entitled to resentencing.

---

[7] Amendment 746 capitalized the letters used in the subheadings of one of the Application Notes. Amendment 747 replaced the term "magistrate" with magistrate judge and replaced the term "he" with gender-neutral "the defendant."

**D.** *Alleyne*

Petitioner argues that he was sentenced in violation of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). ECF No. 290 at 20; ECF No. 291-1 at 22. The Supreme Court held in *Alleyne* that "facts that increase *mandatory minimum* sentences must be submitted to the jury." *Alleyne*, 133 S. Ct. at 2163 (emphasis added). The Supreme Court went to pains to point out that facts affecting only sentencing guidelines calculations do not need to be submitted to the jury, but could be determined by the judge. *Id.* at 2163 ("Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury.").

There was no fact here that increased any mandatory maximum sentence, including tax loss amount, that was not submitted to the jury. To the extent the Court found certain facts that simply increased Petitioner's sentencing range under the U.S. Sentencing Guidelines, such findings are undisturbed by *Alleyne*.[8]

## CERTIFICATE OF APPEALABILITY

Petitioner may not appeal this Court's denial of relief under 28 U.S.C. § 2255 unless it issues a certificate of appealability. *United States v. Hardy*, 227 Fed. Appx. 272, 273 (4th Cir. 2007). A certificate of appealability will not issue unless Petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); *Hardy*, 227 Fed Appx. at 273. "A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court

---

[8] It appears that Petitioner's so-called *Alleyene* challenge may actually be a challenge to the calculation of the loss amount. *See* ECF No. 291-1 at 27-28 ("Therefore, based on those calculations, a congruent calculation as to the government's total loss could not exceed $1.4 million when using the preponderance of the evidence standard of calculation government loss."). To the extent Petitioner is attempting to challenge the loss amount determined at sentencing, this argument is procedurally defaulted, as it was not presented by Petitioner on appeal.

is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable." *United States v. Riley*, 322 Fed. Appx. 296, 297 (4th Cir. 2009).

This Court has assessed the claims in Petitioner's motion to vacate his sentence on the merits and found them deficient. No reasonable jurist could find merit in any of Petitioner's claims, and therefore no certificate of appealability shall issue.

## CONCLUSION

For the aforementioned reasons, Petitioner's motion will be denied and no certificate of appealability shall issue.  A separate Order follows.

Date: April 22 , 2015                                         /s/
                                                   ROGER W. TITUS
                                                   UNITED STATES DISTRICT JUDGE